## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOUGLAS DRIBBEN, on behalf of himself and all others similarly situated, 2529 Rolling Forest Dr., Hanover, MD 21076 <br><br> Plaintiff, <br><br> vs. <br><br> HOMEFIX CUSTOM REMODELING CORP., 9115 Whiskey Bottom Rd., Suite H, Laurel, MD 20723 <br><br> Defendant. | Case No. <br><br> **COMPLAINT - CLASS ACTION** <br><br> **DEMAND FOR JURY TRIAL** |

Douglas Dribben, individually and on behalf of all others similarly situated, alleges the following against Homefix Custom Remodeling Corp. ("Homefix" or "Defendant").

### I.  NATURE OF ACTION

1.     Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers," *id.* § 2(6), and sought to strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms," *id.* § 2(9).

2.     "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone

solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . Private suits can seek either monetary or injunctive relief. *Id.* . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Homefix is a home remodeling and repair company.

4.      Homefix made calls to residential telephone numbers, like Plaintiff's, that were listed on the National Do Not Call Registry.

5.      Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, Plaintiff bring this action on behalf of a proposed nationwide class of similarly situated persons.

6.      A class action is the best means of obtaining redress for Defendant's wide-scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

7.      Plaintiff files this lawsuit seeking injunctive relief, requiring Homefix to cease placing unsolicited calls to numbers on the National Do Not Call Registry, as well as an award of statutory damages and costs to Class members.

## PARTIES

8.      Plaintiff Douglas Dribben is a citizen of Maryland, residing in Odenton, Maryland.

9.     Defendant Homefix Custom Remodeling Corp. is a Maryland corporation with its principal place of business in Laurel, Maryland.

## JURISDICTION AND VENUE

10.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

11.     This Court has personal jurisdiction over Homefix because it regularly conducts business in this District, including making telemarketing calls into this District and soliciting business from this District.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District, namely the telemarketing calls to Plaintiff.

## TCPA BACKGROUND

13.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.     The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

14.     The TCPA prohibits the making of more than one call within any 12-month period to a residential telephone number not used for business that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

15.     The National Do Not Call Registry allows consumers to register their residential telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

16.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

17.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to people who have registered their residential numbers on the Registry and provide a private right of action against any entity that makes those calls or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## FACTUAL ALLEGATIONS

**A.      Factual Allegations Regarding Homefix**

18.     Homefix is a company that performs repairs and remodeling on residential homes. *See* https://homefixcustomremodeling.com/ (last visited April 28, 2022).

19.     To generate business and market its products and services, Homefix relies on telemarketing.

20.     Recipients of these telemarketing calls, including Plaintiff, did not consent to receive such calls.

21.     Those telemarketing calls violate the TCPA when they are made to residential numbers belonging to consumers on the National Do Not Call Registry.

**B.      Factual Allegations Regarding Plaintiff**

22.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

23.     Plaintiff's cellular telephone number, (XXX) XXX-5743, is a non-commercial telephone number not associated with any business.

24.     Plaintiff's cellular telephone number, (XXX) XXX-5743, is used for personal, residential purposes.

25.     Plaintiff's telephone number, (XXX) XXX-5743, has been listed on the National Do Not Call Registry since 2008.

26.     Plaintiff has never been a Homefix customer and never consented to receive calls from Homefix.

27.     Plaintiff received three unsolicited telemarketing calls from Homefix on his cellular telephone, (XXX) XXX-5743, between October 29, 2020, to April 18, 2022.

28.     The first call from Homefix on October 28, 2020, was from telephone number (703) 646-8751.

29.     The caller identified themselves as "Eliza Green" from Homefix and began soliciting Homefix's home repair services, including offering a free estimate.

30.     At the time of the call, Plaintiff rented the property in which he was living.

31.     Plaintiff, in an attempt to get the calls to stop, agreed that Homefix could provide an estimate to replace windows.

32.     Homefix came to Plaintiff's rental property on November 2, 2020.

33.     During the visit, Plaintiff confirmed the identity of the unsolicited caller as Homefix.

34.     Plaintiff did not purchase Homefix's services or products, nor did he do any business with Homefix as a result of this interaction.

35.     Having confirmed the identity of the caller, Plaintiff subsequently filed a complaint with the Maryland Attorney General's Office over this unsolicited call and requested Homefix cease calling him.

36.     The Maryland Attorney General's Office provided a copy of Plaintiff's complaint to Homefix but Homefix refused to engage in the Maryland Attorney General's dispute resolution process.

37.     Nonetheless, Homefix continued to call Plaintiff.

38.     Plaintiff received a second unsolicited telemarketing call from Homefix on January 7, 2022, from telephone number (410) 832-5559.

39.     The number (410) 832-5559 is associated with Homefix. *See* https://www.whitepages.com/phone/1-410-832-5559 (last visited April 29, 2022).

40.     The caller identified himself as "Mike Anderson" and was calling to offer Plaintiff a free estimate for home repairs.

41.     Plaintiff, in an attempt to get the calls to stop, agreed that Homefix could provide an estimate for home repairs.

42.     Homefix came to Plaintiff's home on January 8, 2022.

43.     During the visit, Plaintiff confirmed the identity of the unsolicited caller as Homefix.

44.     Plaintiff did not purchase Homefix's services or products, nor did he do any business with Homefix as a result of this interaction.

45.     Plaintiff received a third unsolicited telemarketing call from Homefix on April 18, 2022, from telephone number (443) 517-3870.

46.     The caller identified themselves as a representative of Homefix and was again calling to offer Plaintiff a free estimate for home repairs.

47.     During this call, in an attempt to get the calls to stop, Plaintiff again agreed Homefix could provide an estimate.

48.     However, after this call, Homefix realized that Plaintiff was listed on its internal do not call list and never provided an estimate.

49.     Each of the above-described calls occurred after Plaintiff had registered his residential telephone number with the National Do Not Call Registry.

50.     Plaintiff and other individuals who received these telephone solicitation calls suffered an invasion of privacy and were harassed by the conduct of Defendant.

**C.     Homefix Entered Into a Settlement with the Maryland Attorney General in January 2015 Regarding its Violative Telemarketing Calls**

51.     According to a Press Release by the Maryland Attorney General dated January 9, 2015, Homefix Corporation (as Homefix was previously known)[1] and its owner Tope Lala entered into a settlement to resolve allegations that Homefix placed telemarketing calls to

---

[1] On January 15, 2015, Homefix Corporation changed its name to Homefix Custom Remodeling Corp.

consumers who asked to not be called on their home telephones or whose numbers were on the National Do Not Call Registry.

52.     Allegedly, Homefix failed to take adequate steps to prevent calls to consumers who had registered their numbers on the Do Not Call Registry or who, after being contacted by Homefix, asked the company not to call them again. As a result, hundreds of consumers complained about receiving unwanted sales calls from Homefix. Some consumers reported that Homefix continued to call them, even after repeatedly being asked to stop.

53.     The Maryland Attorney General's settlement prohibited Homefix from calling consumers who are listed on the Do Not Call Registry or those who ask the company to not be called. It also required Homefix to improve its internal safeguards to prevent placing unwanted telemarketing calls, which included updating its technology and providing training for its employees. Homefix also agreed to pay $12,500 in penalties and costs.

54.     Homefix's calls to Plaintiff and class members are thus negligent, willful, or knowing, as Homefix has been cited for these same violations before.

## CLASS ACTION ALLEGATIONS

55.     Plaintiff incorporates by reference all other paragraphs of this Complaint as if fully stated herein.

56.     Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23(b)(2) or (b)(3).

57.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

Excluded from the Class are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

58.     Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Class as he has no interests that conflict with any of the Class members.

59.     Plaintiff and all members of the Class have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

60.     This Class Action Complaint seeks injunctive relief and money damages.

61.     The Class, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

62.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

63.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

64.     Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

65.     There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

66.     There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including, but not limited to, the following:

        a.      whether Defendant made multiple calls to Plaintiff and members of the Class;

        b.      whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

c.      whether Defendant's conduct constitutes a violation of the TCPA; and

d.      whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

67.     Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

68.     Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

69.     Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

70.     A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel Defendants to comply with the TCPA.  The interest of individual members of the Class in individually controlling the prosecution of separate claims against Defendants are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

71.     Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a classwide basis. Moreover, on information and belief, Plaintiff alleges that the telephone

solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

72.     Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)**

Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

73.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the residential telephone numbers of Plaintiff and members of the Class despite their numbers being on the National Do Not Call Registry for more than 31 days prior to the first call.

74.     Defendant's violations were negligent, willful, or knowing.

75.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class are entitled to an award of $500 in damages for each and every call made and up to $1,500 in damages for each call deemed to be a "willful or knowing" violation.

76.     Plaintiff and the members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.     Certification of the proposed Class;

B.      Appointment of Plaintiff Dribben as representative of the Class;

C.      Appointment of the undersigned counsel as counsel for the Class;

D.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.      An order enjoining Defendant and/or its affiliates, agents, and/or other related entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

F.      An award to Plaintiff and the Class of damages, as allowed by law; and

G.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

RESPECTFULLY SUBMITTED AND DATED this 11th day of May, 2022.

By:  _____/s/ John McGowan_____

John McGowan, Md. Bar #21477
KINNER & McGOWAN, PLLC
413 East Capitol Street SE, First Floor
Washington, D.C. 20003
Email: jmcgowan@kinnermcgowan.com
Telephone: (202) 846-7148


_____/s/ Samuel J. Strauss_____

Samuel J. Strauss, WSBA #46971
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Email:  sam@turkestrauss.com
Telephone: (608) 237-1775
Facsimile:  (608) 509-4423
Subject to *pro hac vice*

*Attorneys for Plaintiff*