**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **DOUGLAS DRIBBEN**,  )<br>  )<br>     Plaintiff,  )<br>  )        **CASE NO.: 1:22-cv-01143-MJM**<br>v.  )<br>  )<br>**HOMEFIX CUSTOM REMODELING, CORP.,** )<br>  )<br>     Defendant.  )<br>_____ ) | |

**HOMEFIX CUSTOM REMODELING CORP.'s
ANSWER AND DEFENSES TO COMPLAINT**

Defendant, HOMEFIX CUSTOM REMODELING, CORP. ("**Defendant**") hereby answers the Complaint ("**Complaint**") filed by DOUGLAS DRIBBEN ("**Plaintiff**") as follows:

**DEFENDANT'S PRELIMINARY STATEMENT**

A. Except as expressly admitted or qualified below, each and every statement, allegation, contention, or insinuation of the Complaint is denied.

B. The headings used in the Complaint are reproduced herein for ease of reference only. Defendant rejects any factual or legal contentions expressed or implied by such headings.

C. The numbered paragraphs of this Answer and Defenses to Complaint correspond to the numbered paragraphs of the Complaint.

D. Capitalized terms not otherwise defined herein shall have the meanings expressly ascribed to them in the Complaint.

E. Defendant has retained the undersigned law firm to represent its interests in this matter and is obligated to pay its counsel a reasonable fee. Defendant is entitled to recover its reasonable attorneys' fees and costs if permitted by law, including pursuant to any applicable exception to the American Rule, such as inequitable conduct.

## NATURE OF ACTION

1. The allegations contained in Paragraph 1 the Complaint do not present any factual content susceptible to an admission or denial, assert legal conclusions to which no response is required, or set forth information as to which Defendant is without knowledge such that no response is required. To the extent a response is required, Defendant denies the allegations as stated in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 the Complaint do not present any factual content susceptible to an admission or denial, assert legal conclusions to which no response is required, or set forth information as to which Defendant is without knowledge such that no response is required. To the extent a response is required, Defendant denies the allegations as stated in Paragraph 2 of the Complaint.

3. Defendant admits that it is in the business of providing home improvement services.

4. Defendant admits that it engages in telephone marketing of its business, but denies that it called any number listed on the National Do Not Call Registry in violation of the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "**TCPA**") as alleged by Plaintiff.

5. Defendant admits that Plaintiff purports to seek equitable relief on behalf of himself and a purported class but denies that Plaintiff or any alleged class members are entitled to any relief. To the extent any response to the remaining allegations of Paragraph 5 of the Complaint is required, denied.

6. Defendant states that the allegations of Paragraph 6 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Defendant denies the allegations as stated in Paragraph 6 of the Complaint.

7. Defendant admits that Plaintiff purports to seek relief on behalf of himself and a purported class but denies that Plaintiff or any alleged class members are entitled to any relief.

## PARTIES

8. Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 8 of the Complaint, and therefore denies the same.

9. Defendant admits the allegations as stated in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Defendant admits that this Court has subject matter jurisdiction over Plaintiff's purported TCPA claim.

11. Defendant does not contest jurisdiction or venue. Defendant denies that Plaintiff is entitled to any form of relief.

12. Defendant does not contest jurisdiction or venue. Defendant denies that Plaintiff is entitled to any form of relief.

## TCPA BACKGROUND

13. Defendant states that the allegations of Paragraph 13 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Defendant denies any liability associated therewith.

14. Defendant states that the allegations of Paragraph 14 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Defendant denies any liability associated therewith.

15. Defendant states that the allegations of Paragraph 15 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Defendant denies any liability associated therewith.

16. Defendant states that the allegations of Paragraph 16 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Defendant denies any liability associated therewith.

17. Defendant states that the allegations of Paragraph 17 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Defendant denies any liability associated therewith.

## FACTUAL ALLEGATIONS

**A.     Factual Allegations Regarding Homefix**

18. Defendant admits that it is in the business of providing home improvement services. Otherwise, denied.

19. Defendant denies the allegations as stated in Paragraph 19, except Defendant admits that telephone marketing forms one part of its overall marketing strategy.

20. Defendant denies the allegations as stated in Paragraph 20 of the Complaint.

21. Defendant states that the allegations of Paragraph 21 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Defendant denies any liability associated therewith.

**B.     Factual Allegations Regarding Plaintiff**

22. Defendant states that the allegations of Paragraph 22 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Defendant denies any liability associated therewith.

23. Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 23 of the Complaint, and therefore denies the same.

24. Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 24 of the Complaint, and therefore denies the same.

25. Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 25 of the Complaint, and therefore denies the same.

26. Defendant denies the allegations as stated in Paragraph 26 of the Complaint.

27. Defendant denies the allegations as stated in Paragraph 27 of the Complaint.

28. Defendant denies the allegations as stated in Paragraph 28 of the Complaint.

29. Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 29 of the Complaint, and therefore denies the same.

30. Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 30 of the Complaint, and therefore denies the same.

31. Defendant admits that Plaintiff scheduled an appointment with Defendant for November 2, 2020 based on an inquiry for Defendant's products and services.

32. Defendant admits that on November 2, 2020 one of its representatives visited the address provided by Plaintiff as requested by Plaintiff and based on Plaintiff's inquiry for Defendant's products and services.

33. Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 33 of the Complaint, and therefore denies the same.

34. Defendant admits that Plaintiff did not enter into a contract for goods and services based on the November 2, 2020 meeting scheduled by Plaintiff.

35. Defendant admits that Plaintiff submitted a complaint to the Maryland Attorney General's Office.  Otherwise, denied.

36. Defendant denies the allegations as stated in Paragraph 36 of the Complaint.

37.   The allegations of Paragraph 37 are so broad and ambiguous that a response cannot be reasonably tailored to this action. Otherwise, Defendant denies it has violated the TCPA in connection with its communications with Plaintiff.

38.   Defendant denies the allegations as stated in Paragraph 38 of the Complaint.

39.   Defendant denies the allegations as stated in Paragraph 39 of the Complaint.

40.   Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 40 of the Complaint, and therefore denies the same.

41.   Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 41 of the Complaint, and therefore denies the same.

42.   Defendant admits that on January 8, 2022, pursuant to Plaintiff's request, a representative of Defendant visited 2836 Broad Wing Drive, Odenton, MD 21113.

43.   Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 43 of the Complaint, and therefore denies the same.

44.   Defendant admits that Plaintiff did not enter into a contract for goods and services based on the January 8, 2022 appointment referenced above.

45.   Defendant denies the allegations as stated in Paragraph 45 of the Complaint.

46.   Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 46 of the Complaint, and therefore denies the same.

47.   Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 47 of the Complaint, and therefore denies the same.

48.   Defendant denies the allegations as stated in Paragraph 48 of the Complaint.

49.   Defendant denies the allegations as stated in Paragraph 49 of the Complaint.

50.   Defendant denies the allegations as stated in Paragraph 50 of the Complaint.

**C.     Homefix Entered Into a Settlement with the Maryland Attorney General in January 2015 Regarding its Violative Telemarketing Calls[1]**

51.    The allegations of paragraph 51 rely upon or restate the content of a press release, which is a document that speaks for itself. To the extent the allegations vary from the press release, said allegations are denied.

52.    Defendant denies the allegations as stated in Paragraph 52 of the Complaint.

53.    The allegations of Paragraph 53 appear derived from the same press release referenced in paragraph 51, which is a document that speaks for itself. To the extent the allegations vary from the press release, said allegations are denied.

54.    Defendant denies the allegations as stated in Paragraph 54 of the Complaint.

## CLASS ACTION ALLEGATIONS

55.    Defendant restates and incorporates by reference its responses to all other paragraphs of the Complaint as if fully stated herein.

56.    Defendant admits that Plaintiff purports to seek relief on behalf of himself and a purported class but denies that Plaintiff or any alleged class members are entitled to any relief.

57.    Defendant objects to and denies the purported class definition, therefore denied.

58.    Defendant denies the allegations as stated in Paragraph 58 of the Complaint.

59.    Defendant denies the allegations as stated in Paragraph 59 of the Complaint.

60.    Defendant admits that Plaintiff purports to seek injunctive relief and money damages but denies that Plaintiff or any alleged class members are entitled to any such relief.

61.    Defendant denies the allegations as stated in Paragraph 61 of the Complaint.

---

[1] Complaint captions and titles are restated herein for reference only. Defendant denies any liability or inference of all captions and sub parts.

62. Defendant denies the allegations as stated in Paragraph 62 of the Complaint.

63. Defendant denies the allegations as stated in Paragraph 63 of the Complaint.

64. Defendant denies the allegations as stated in Paragraph 64 of the Complaint.

65. Defendant denies the allegations as stated in Paragraph 65 of the Complaint.

66. Defendant denies the allegations as stated in Paragraph 66 of the Complaint, including all subparts.

67. Defendant denies the allegations as stated in Paragraph 67 of the Complaint.

68. Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 68 of the Complaint, and therefore denies the same.

69. Defendant denies the allegations as stated in Paragraph 69 of the Complaint.

70. Defendant denies the allegations as stated in Paragraph 70 of the Complaint.

71. Defendant denies the allegations as stated in Paragraph 71 of the Complaint.

72. Defendant is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 72 of the Complaint, and therefore denies the same.

## FIRST CAUSE OF ACTION
### Violation of the Telephone Consumer Protection Act
### 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)

Defendant restates and incorporates by reference its responses to all previous paragraphs of the Complaint as if fully stated herein.

73. Defendant denies the allegations as stated in Paragraph 73 of the Complaint.

74. Defendant denies the allegations as stated in Paragraph 74 of the Complaint.

75. Defendant states that the allegations of Paragraph 75 of the Complaint present conclusions of law, citations, or other content to which no response is required. Defendant denies the factual allegations as stated in Paragraph 75 of the Complaint.

76.     Defendant denies the allegations as stated in Paragraph 76 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies Plaintiff's prayer for relief including all subparts.  Defendant requests judgment in its favor and against Plaintiff and all parties acting through Plaintiff in this action.

## DEMAND FOR JURY TRIAL

Defendants denies Plaintiff's request for trial by jury.

## DEFENDANT'S AFFIRMATIVE & OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to Plaintiff's Complaint.

### First Defense

Plaintiff's claims fail as a matter of law as Plaintiff has not and cannot allege or prove that Defendant (or any agent, affiliate or third party on its behalf) initiated and that Plaintiff received more than one telephone call within any 12-month period to the same telephone number registered on the national do-not-call registry.  The alleged calls in January 2022 were placed to a number that was neither known to be assigned to Plaintiff nor the number being the subject of this action, and that was not registered on the do-not-call registry at the time it was made.

### Second Defense

 Plaintiff's claims fail as a matter of law as any alleged violation is the result of bona fide error and Defendant (and any agent, affiliate or third party on its behalf) maintains qualified routine business practices pursuant to 45 C.F.R. § 64.1200(c)(2)(i).

**Third Defense**

Plaintiff's claims fail as a matter of law as the communications at issue do not qualify as a "telephone solicitation" as defined by 45 C.F.R. § 64.1200(f)(15) in so far Plaintiff expressly permitted or invited said communications and/or had an established business relationship with Defendant based on Plaintiff's inquiry, confirmed appointments and/or application regarding Defendant's products or services as defined by 45 C.F.R. § 64.1200(f)(5).

**Fourth Defense**

The claims of Plaintiff and members of any putative class are barred to the extent Plaintiff and members of any putative class gave prior express consent, calls were made in response to an express request of the person called, calls were made in connection with an existing contract, and/or calls were made to a person with a prior or existing business relationship.

**Fifth Defense**

Plaintiff's claims and those of any members of a putative class are barred, in whole or in part, because any alleged damages were caused by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Defendant is not responsible.

**Sixth Defense**

To the extent that any relief sought by Plaintiff and/or any members of the putative class would be duplicative of relief sought against Defendant in other lawsuits subjecting Defendant to the possibility of multiple recovery, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution, *res judicata* and/or claim preclusion.

**Seventh Defense**

Any damages sustained by Plaintiff or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Defendant,

including Plaintiff or members of any putative class or non-parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility and/or comparative fault.

### **Eighth Defense**

The alleged claims of Plaintiff and members of any putative class are barred, in whole or in part, to the extent they are asserting damages for calls made to cellular telephone numbers to which they were not subscribers at the time of the call.

### **Ninth Defense**

Class certification of this action should be denied for one or more of the following reasons:

a. Joinder of all members of the putative classes is not impracticable;

b. There are insufficient questions of law and fact pertaining to the whole of the putative class.

c. The claims of the named Plaintiff, if meritorious, are not typical of the putative classes for the reasons alleged herein including Plaintiff's feigned interest and attempts to manufacture the subject claims;

d. The claims of the named Plaintiff will not adequately protect the interests of the putative classes;

e. It is not impractical for individual plaintiffs to obtain redress;

f. The proposed classes create a legally impermissible fail-safe class;

g. The proposed classes lack typicality; and

h. Individual issues will predominate over class issues, including but not limited to, who made the contact, whether or not the call recipient gave prior express consent based on individual interaction or multiple sources, whether the subscriber or recipient's alleged claims are based on multiple telephone numbers assigned to the same device, whether the subscriber or

recipient's relationship with Defendant qualifies as an established business relationship, whether any particular call recipient is a residential telephone subscriber, and whether or not any particular call recipient was "aggrieved."

### Tenth Defense

Plaintiff lacks standing under the TCPA because he suffered no concrete or other legally cognizable injury within the meaning of the TCPA.

### Eleventh Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted because Plaintiff seeks relief against the wrong party.

### Twelfth Defense

Plaintiff's claims are barred or reduced because his alleged damages, if any, were caused by Plaintiff's own conduct/negligence/fault or that of third parties other than Defendants.

### Thirteenth Defense

Plaintiff's claims are barred or limited to the extent any violation established by Plaintiff resulted from Defendant's reasonable reliance on the assurances, representations, actions, or systems of third parties.

### Fourteenth Defense

Plaintiff's claims are barred or limited by equitable estoppel or due to inequitable conduct to the extent Plaintiff or someone acting on his behalf intentionally induced the conduct complained of by providing contact information to Defendant and leading Defendant to believe Plaintiff consented to being contacted, and that such conduct was solely or primarily for the purpose of manufacturing a legal claim against Defendant.

### DEFENDANT'S RESERVATION OF RIGHT TO AMEND OR MODIFY DEFENSES

Defendant hereby reserves the right to assert any additional defenses or matters in avoidance that may be disclosed during the course of additional investigation or discovery.

### DEFENDANT'S DEMAND FOR JUDGMENT

WHEREFORE, having answered Plaintiff's Complaint, Defendant HOMEFIX CUSTOM REMODELING, CORP. hereby demands final judgment in its favor dismissing the Complaint *with prejudice* and providing that Plaintiff DOUGLAS DRIBBEN, and any and all others acting by or through him, including any purported class members, take nothing from this action against Defendant, and that Defendant shall recover from the Plaintiff the costs and, if permitted by applicable law, the attorneys' fees, incurred by Defendant in defending this action, and for all such other relief which the Court deems just and proper.

Dated: June 28, 2022

        Respectfully submitted,

        */s/ Gabriel D. Pinilla*
        Gabriel D. Pinilla
        Bar No. 22373
        Louis M. Ursini, III*
        Florida Bar No. 355940
        *Pending pro hac vice admission*
        **ADAMS AND REESE, LLP**
        2301 Blake Street, Suite 100
        Denver, CO 80205
        Telephone: 813-227-5516
        Facsimile: 813-402-2887
        Gabriel.Pinilla@arlaw.com
        Louis.Ursini@arlaw.com
        Alisyn.Bukowski@arlaw.com
        Lisa.Stallard@arlaw.com
        *Counsel for Homefix Custom Remodeling, Corp.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 28, 2022 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will automatically serve a copy via electronic mail to all counsel of record.

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla
Bar No. 22373

**SERVICE LIST**

Attorneys for Douglas Dribben:

John McGowan
KINNER & McGOWAN, PLLC
413 East Capitol Street SE, First Floor
Washington, D.C. 20003
Email: jmcgowan@kinnermcgowan.com
Telephone: (202) 846-7148

Raina C. Borrelli
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703
Email: raina@turkestrauss.com
Telephone: (608) 237-1775
Facsimile: (608) 509-4423