IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| DOUGLAS DRIBBEN<br><br>            Plaintiff,<br><br>vs.<br><br>HOMEFIX CUSTOM REMODELING CORP.<br><br>            Defendant. | Case No. 1:22-cv-01143-SAG<br><br>Judge Stephanie A. Gallagher |

**[PROPOSED] ORDER GOVERNING DISCOVERY
OF ELECTRONICALLY STORED INFORMATION**

The parties having jointly requested the entry of an Order Governing Discovery of Hard Copy and Electronically Stored Information, and for good cause shown, it is hereby ORDERED as follows:

**A.      Purpose.**

This Order will govern discovery of hard copy documents and electronically stored information ("ESI") in this case, including any appeal therefrom, and serves as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.  Nothing in this protocol shall be construed to affect the discoverability or admissibility of any document or data.  All objections to the discoverability or admissibility of any document or data are preserved and may be asserted at any time. This ESI protocol does not address or resolve any other objection to the scope of the parties' respective discovery requests.

**B.      ESI Production.**

Electronic data produced by either of the parties should be provided in the following format:

1.      <u>PDFs</u>.  The default file format in which ESI will be produced is searchable PDF. If a given PDF file contains multiple documents, there shall be a page break at the

end of each document. When a PowerPoint document is converted to PDF, the version that will be converted will show the speaker notes (if any). When a Word document is converted to PDF, the version that will be converted is as it was last saved, showing any comments.

2. <u>Unique IDs</u>.  Each image should have a unique file name: the Bates number of that page (e.g., ABC0000001) or page range (e.g., ABC0000001-10) of the document(s) produced.

3. <u>Native Format</u>.  The parties have agreed that the following documents will be produced in native format: Excel spreadsheets, Access databases, and Microsoft Project files. The parties reserve their rights to seek additional electronic documents in their native format.  ESI should not be put through fidelity-destroying processes. For instance, ESI should not be printed out and then scanned back in. As another example, color files should not be flattened to black and white.

4. <u>Gaps</u>.  Productions should contain sequential Bates numbers with no gaps within or between productions.  A unique production volume number will be used for each production.  If any unavoidable gaps occur, the parties agree to provide advance notice of those gaps within productions and/or between productions.

5. <u>Parent-Child Relationships</u>.  Parent-child relationships (the association between an attachment and its parent document) must be preserved.

6. <u>Search Terms and Date Ranges</u>.  In an attempt to minimize e-discovery costs and disputes, the parties agree that search terms may be used to identify documents in the event that production of all ESI responsive to a request would be unduly burdensome.

C. **Production Media.**

ESI shall generally be produced by portable storage device or secure download.

**D.     Right to Request Additional Information.**

A requesting party may request additional information about specific ESI if that party can demonstrate that material, relevant, and responsive information that is not otherwise cumulative of information already produced can only be found through such additional efforts. The parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, and the Court will resolve such disputes in accordance with its standing order and the local rules if agreement cannot be reached.

**E.     Inadvertent Production of Documents.**

Inadvertent production of any document in response to discovery requests in this action by any party or non-party that the producer later claims should have been withheld on grounds of a privilege, including the work-product doctrine, will not be deemed to waive any privilege or work-product protection in this case or in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Failure to assert privilege as to a document shall not be deemed to constitute a waiver of the privilege of any other document allegedly so protected, even involving the same subject matter. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

**F.     Handling of Confidential or Sensitive Information.**

The parties agree that they will work cooperatively to establish a protocol to protect sensitive or confidential materials from improper publication or disclosure to unauthorized recipients, including any person not a party to or directly employed as/by counsel of record in this action. Materials that contain sensitive information may be designated as "CONFIDENTIAL." The producing party will make such a designation only as to those documents or discovery responses that are in good faith believed to contain or to constitute confidential, proprietary, trade secret, or otherwise sensitive information. Until such time as the parties agree in writing on a specific protocol for handling such information or materials

exchanged in discovery, or unless the Court enters any written order to the contrary, the parties shall not disclose or publish to any third party any document or other item of information marked or designated as "CONFIDENTIAL" by the party producing or providing such document or item of information.

**G.    Modifications To ESI Protocol**

The parties agree that any of the terms and requirements herein can be modified by agreement between the parties, reduced to writing.

Dated: July 13, 2022

| | |
|---|---|
| */s/ Raina C. Borrelli* | */s/ Gabriel Pinilla* |
| Raina C. Borrelli (*pro hac vice*) | Gabriel Pinilla |
| TURKE AND STRAUSS LLP | ADAMS AND REESE LLP |
| 613 Williamson Street, Suite 201 | 2301 Blake Street, Suite 101 |
| Madison, WI 53703 | Denver, CO 80205 |
| Telephone: (608) 237-1775 | Telephone: (813) 227-5516 |
| Facsimile: (608) 509-4423 | gpinilla@cotneycl.com |
| raina@turkestrauss.com | |
| | Louis M Ursini, III |
| John Thomas McGowan, Jr. | ADAMS AND REESE LLP |
| KINNER & MCGOWAN PLLC | 100 N Tampa Street, Suite 4000 |
| 434 1/2 6th Street NE | Tampa, FL 33602 |
| Washington, DC 20002 | Telephone: (813) 227-5536 |
| Telephone: (901) 351-6776 | Facsimile: (813) 402-2887 |
| jtmcgowan@gmail.com | louis.ursini@arlaw.com |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

**SO ORDERED,** this _____ day of _____, 2022.

_____
Hon. Stephanie A. Gallagher
United States District Court Judge

## CERTIFICATE OF SERVICE

I, Raina C. Borrelli, hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record via the ECF system.

DATED this 13th day of July, 2022.

                TURKE & STRAUSS LLP

                By: */s/ Raina C. Borrelli*
                      Raina C. Borrelli
                      Email: raina@turkestrauss.com
                      TURKE & STRAUSS LLP
                      613 Williamson St., Suite 201
                      Madison, WI 53703
                      Telephone: (608) 237-1775
                      Facsimile: (608) 509-4423