November 2, 2022

<u>*Via Electronic Filing:*</u>

The Honorable Stephanie A. Gallagher
District Judge for the United States District
  Court for the District of Maryland
U.S. Courthouse
101 West Lombard Street, Chambers 7C
Baltimore, Maryland 21201

      **Re:**    *Douglas Dribben v. Homefix Custom Remodeling Corp.*
               **Case No.: 1:22-cv-01143-SAG**

Dear Judge Gallagher:

This letter is submitted jointly by the parties pursuant to direction from your judicial staff. The Parties hereby request that the Court review the issues presented herein and either schedule a discovery management conference pursuant to District of Maryland Local Rules Appendix A, Guideline 1.b., or otherwise provide the parties with direction on how to proceed to resolve the pending disputes, for example, by setting special briefing parameters. In furtherance of this request, the parties respectfully submit the following:

**ESSENTIAL FACTS AND PROCEDURAL POSTURE**

This is a purported class action case filed by the plaintiff, Douglas Dribben ("**Plaintiff**"), against the defendant, Homefix Custom Remodeling Corp. ("**HCR**"). Plaintiff alleges that HCR violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq.* (the "**TCPA**") by calling his residential telephone number registered with the national do-not-call registry (the "**DNC Registry**") more than once within a 12-month period commencing in January 2022.

The parties have exchanged initial disclosures and written discovery requests/responses. The parties have engaged extensively by telephone and by email over several weeks in an effort to resolve certain discovery disputes, but disagreements as to discovery issues remain unresolved.

Because many of the issues in dispute entail significant overlap and go to the structure and scope of discovery going forward, the parties believe that the Court's guidance on how to approach resolution of the issues will result in the most efficient use of judicial/litigant resources. In particular, the parties believe that an informal hearing to talk through the issues and/or consolidated/staged briefing at the Court's direction could be beneficial.

Hon. Stephanie A. Gallagher
November 2, 2022
Page 2

<u>**ISSUES FOR DETERMINATION**</u>

The parties respectfully request that Court consider the following issues:

<u>**ISSUE 1 – Limited Bifurcation of Discovery to Plaintiff-Specific Claims Vs. Class-Wide**</u>

**Party Advancing Issue:** HCR

**HCR Position Statement:** HCR proposes that discovery should be bifurcated into two phases before class certification is considered. The first phase of discovery should be limited to the facts and issues specific to Plaintiff's individual TCPA claims before permitting costly and far-reaching class-wide discovery. Bifurcation is appropriate in this case based on the existence of narrow factual questions that are dispositive of Plaintiff's individual TCPA claims and this action.

Specifically, initial discovery reflects that Plaintiff utilized two phone numbers to make and receive the telephone calls at issue. One of the numbers is a government-issued business line that was not registered with the DNC Registry at relevant times. This development is critical because the applicable TCPA rules do not prohibit calls to business lines. These factual questions can be resolved with narrowly tailored phase-one discovery that would be dispositive as to Plaintiff's individual claim and his ability to serve as class representative.

Accordingly, HCR proposes to limit phase-one discovery to issues pertaining directly and exclusively to Plaintiff's individual claims. In contrast, Plaintiff seeks discovery of HCR's telephone marketing activities as to ***any person*** for the four years preceding initiation of this action, regardless of whether such persons were called by HCR directly or by a vendor of HCR, and even regardless of whether the phone numbers are registered with the DNC Registry.

Bifurcation of discovery as proposed by HCR under these circumstances is consistent with applicable District of Maryland and Fourth Circuit law and will best serve the interests of judicial fairness and efficiency. HCR proposes a reasonable time frame for phase-one discovery (90 to 120 days) that will not unduly delay current case management deadlines. At the conclusion of phase-one discovery, it will be clear if this action should proceed to phase-two class-wide discovery.

Additionally, HCR's position regarding bifurcation is the primary basis of its objections to most, if not all, of the remaining discovery issues raised by Plaintiff.  The Court's position on the question of bifurcation will be dispositive of or more effectively resolved ***before*** the Court passes on any other present discovery dispute raised herein.

In light of applicable local rule and the Court's direction regarding this Joint Letter (issued through judicial staff), HCR has refrained from providing extensive citation to authority or briefing of the issues. Counsel for Plaintiff was given notice of these parameters. HCR is fully prepared to brief these issues comprehensively and to respond to Plaintiff's position at any time at the Court's request.

Hon. Stephanie A. Gallagher
November 2, 2022
Page 3

**Plaintiff's Position Statement:**

Plaintiff opposes bifurcating discovery because, due to the overlap between discovery regarding the merits of Plaintiff's claims and class certification, it will not promote judicial efficiency or a prompt resolution of this case. To the contrary, bifurcation will unnecessarily delay the action, prejudicing Plaintiff and the putative Class by requiring the Court to resolve inevitable disagreements between the parties as to what is merits or class certification discovery. *See Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *6 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action, noting that "bifurcation would have the opposite effect" from promoting efficiency and avoiding prejudice). Under these circumstances, district courts regularly refuse to bifurcate discovery in TCPA cases. *See, e.g., Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. ED CV 15-2057 FMO (SPx), 2018 U.S. Dist. LEXIS 2286, at *8-9 (C.D. Cal. Jan. 5, 2018) (finding that bifurcation was not warranted in TCPA action and explaining, "many courts are reluctant to bifurcate class-related discovery from discovery on the merits. This is because the distinction between class certification and merits discovery is murky at best and impossible to determine at worst") (internal citations omitted)." In fact, HCR has not identified what burden it would face by responding to each of Plaintiffs' discovery requests, which are not voluminous or overly broad, but instead focused on HCR's telemarketing conduct to Plaintiff and the putative Class.

The reason for denying HCR's bifurcation request is clear. A consumer's ability to vindicate TCPA rights relies heavily on the ability to obtain complete and accurate records of the calls plaintiff and class members received. Unfortunately, telemarketing vendors routinely destroy calling records in the ordinary course of business. This means calling records must be obtained as early as possible in discovery, or they may be forever lost. The putative class period here is governed by the TCPA's four-year statute of limitations.  28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *see also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court). However, not all telecommunications companies, including the companies that are used to engage in automated telemarketing, keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. This issue is certainly present here, as discussed below, as the Defendant utilized a foreign call center to make calls to the Plaintiff.

In sum, HCR's bifurcation request is not only impractical, it would only serve to prejudice Plaintiff and the Class and would not promote the efficient resolution of this case.

Plaintiff understands the applicable local rules and the Court's direction regarding this Joint Letter and included an appropriate amount of legal authority given the issues being raised. Plaintiffs can provide additional legal authority and analysis if that would be helpful to the Court.

Hon. Stephanie A. Gallagher
November 2, 2022
Page 4

## ISSUE 2 – HCR Should Collect and Produce the Telemarketing Call Records from the Vendor it Used to Make the Calls.

**Party Advancing Issue:** Plaintiff

**Plaintiff's Position Statement:**

For the Plaintiff to identify putative Class members that may have a claim, he needs to obtain records of telemarketing calls made by the Defendant or its vendors, which will include all the recipients of those calls, at which point an expert analysis can be performed to identify class members. Indeed, the need for these records comes on the heels of the Maryland Attorney General announcing in 2015 that Homefix Corporation (as HCR was previously known)[1] and its owner Tope Lala entered into a settlement to resolve allegations that HCR placed telemarketing calls to consumers who asked to not be called on their home telephones or whose numbers were on the National Do Not Call Registry.

As one court summarized when granting a motion to compel calling records in a TCPA case:

> This information will assist Plaintiff's experts in determining which phone numbers were tied to cellular phones, which calls were for telemarketing purposes, which numbers were on the National Do Not Call Registry ("NDNCR") and which calls were made using an automatic telephone dialing system ("ATDS"). The information is therefore relevant to the numerosity, commonality, and typicality inquiries the Court will undertake to decide Plaintiff's motion for class certification under Rule 23.

*See Mey v. Frontier Commc'ns Corp.*, No. 13-cv-01191-MPS, ECF No. 102 (D. Conn. Dec. 5, 2014). Here, like *Mey*, the Plaintiff, or his expert, will determine which calls qualify for membership in the class in order to prepare this case for class certification.

There does not appear to be a significant debate that records of outbound telemarketing calls are relevant to both Plaintiff's individual claims and to a class certification analysis and should be analyzed. However, the dispute here is whether or not HCR should have to retrieve them from its third-party call center in Pakistan that it contends placed the calls at issue. HCR claims that since it does not have physical possession of the call records of its third-party vendor it does not need to produce them. But using foreign call centers is typical in TCPA cases, and it is also typical for federal courts to require TCPA defendants to obtain records from the call centers they engage. *See, e.g., Johansen v. Ameriquote, Inc., et. al.,* No. 15-cv-4108-RWS, Doc. 43 (N.D. Ga.) (requiring the defendant in a TCPA action to retrieve calling records from three different dialing vendors in the Philippines); *Barrett et al v. Intellectual Jewels of Tera Communications, LLC*, No. 20-cv-1529-SDG, Doc No. 15 (N.D. Ga.) (same, although there was only one vendor); *Frey v.*

---

[1] On January 15, 2015, Homefix Corporation changed its name to Homefix Custom Remodeling Corp.

Hon. Stephanie A. Gallagher
November 2, 2022
Page 5

*Frontier Utilities Northeast LLC, et al.*, No. 2:19-cv-02372, Doc. 57, p. 1, Doc. 77 (E.D. Pa.) (same); *Morris v. Platform Advertising, Inc.*, No. 13-cv-703, Doc. 35 (E.D. Tex.) (same); *Charvat v. DelivercareRX, Inc.*, No. 14-cv-06832, Doc. 25 (N.D. Ill.) (granting motion to compel requiring a defendant to produce its vendor's call records); *Mey v. Interstate Nat'l Dealer Servs., Inc., et. al.*, No 14-cv-01846, Doc. 82 (N.D. Ga.) (same); *Fitzhenry v. Career Educ. Corp., et al.*, No. 14-cv-10172, Doc. 101 (N.D. Ill.) ("The stay on discovery is modified for the limited purpose of requiring Defendant to obtain and retain records of all outbound calls that were made for purposes of generation of leads for education services.").

The Plaintiff's discovery request and HCR's objections are Request No. 12 and are attached as <u>Exhibit 1</u>.

Plaintiff understands the applicable local rule and the Court's direction regarding this Joint Letter and included an appropriate amount of legal authority given the issues being raised. Plaintiffs can provide additional legal authority and analysis if that would be helpful to the Court.

**HCR Position Statement:**

To the extent Plaintiff's claims do not fail based on **Issue 1**, HCR does not dispute that certain call records or related materials generated or maintained by a third-party independent contractor for HCR which contacted Plaintiff, Mars BPO ("**Mars**"), would be within the proper scope of proposed phase-two discovery. However:

**(a)** Any materials sought from Mars should be limited according to the Court's decision on the question of bifurcation raised in **Issue 1** herein;

**(b)** HCR does not have custody or control of Mars' telephone or related records, nor access to such materials other than through Mars, and therefore is unable to produce any such materials beyond what HCR has already produced (which includes recordings and other materials pertaining to calls between Mars and Plaintiff); and

**(c)** In the event this case proceeds to phase-two discovery, the scope of call records from Mars, if permitted, should be limited to instances where the number dialed is **(i)** a residential telephone line, **(ii)** registered with the DNC Registry, **(iii)** that was called more than once in a 12-month period; and **(iv)** within the four years prior to the filing of the Complaint ("**Relevant Calls**").

In light of applicable local rule and the Court's direction regarding this Joint Letter (issued through judicial staff), HCR has refrained from providing extensive citation to authority or briefing of the issues. Counsel for Plaintiff was given notice of these parameters. HCR is fully prepared to brief these issues comprehensively and to respond to Plaintiff's position at any time at the Court's request.

Hon. Stephanie A. Gallagher
November 2, 2022
Page 6

**ISSUE 3 –   HCR Should Be Required to Disclose its Telemarketing Vendors other than just MARS BPO.**

**Party Advancing Issue:** Plaintiff

**Plaintiff's Position Statement:**

HCR hired Mars BPO, a company located in Pakistan, to physically dial telemarketing calls to the Plaintiff and other putative Class members. However, Mars BPO is not the only company that physically dialed telemarketing calls for HCR, although HCR has refused to identify those other vendors are in discovery, despite the fact that calls by such entities to numbers on the National Do Not Call Registry are undisputedly within the Plaintiff's proposed class:

> All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

*See* ECF No. 1 at ¶ 57. Not surprisingly, a number of courts have held that if vendors who did not contact the Plaintiff are within a putative class definition, then information about those other vendors is discoverable. *See e.g. Henderson v. United Student Aid Funds, Inc.,* No. 13cv1845-JLS (BLM), 2015 U.S. Dist. LEXIS 107342, at *11 (S.D. Cal. July 28, 2015) ("…the Court does find that given the broad scope of FRCP 26 discovery and given that Plaintiff may be able to represent a class including individuals who were called by third-party collection vendors that did not call Plaintiff, the discovery request seeks relevant information."); *Bais Yaakov of Spring Valley v. Houghton Mifflin Harcourt Publishers, Inc.,* 36 F. Supp. 3d 417, 419, 421-22 (S.D.N.Y 2014) (permitting the plaintiff to obtain discovery regarding illegal advertisements "other than the one which it received: because "such discovery would be relevant to Plaintiff's future motion for class certification"); *In re Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.,* 2014 U.S. Dist. LEXIS 10028, 2014 WL 316476, at *7 (N.D.W. Va. Jan. 28, 2014) (permitting discovery relating to dealers who did not make actionable phone calls because it is relevant to demonstrate whether the defendants or their agents violated the TCPA).

The Court should hold the same here and require HCR to produce discovery about its other telemarketing vendors. Plaintiff's discovery requests and HCR's objections implicated are Interrogatory Nos. 2 and 3 and RFPs 4, 5, 6, 7,8 and 12, and they are attached as Exhibit 1.

Plaintiff understands the applicable local rule and the Court's direction regarding this Joint Letter and included an appropriate amount of legal authority given the issues being raised. Plaintiffs can provide additional legal authority and analysis if that would be helpful to the Court.

Hon. Stephanie A. Gallagher
November 2, 2022
Page 7

**HCR Position Statement:**

To the extent Plaintiff's claims do not fail based upon **Issue 1**, as a general rule, HCR does not dispute that the identity and certain records generated or maintained by third-party independent contractors for HCR may be within the proper scope of proposed phase-two discovery.  However:

**(a)** The identity of and any materials from such vendors should be limited according the Court's decision on the question of bifurcation raised in **Issue 1** herein;

**(b)** In the event this case proceeds to class-wide discovery, the scope of discoverable information should be limited to **(i)** the identity of vendors who initiated any Relevant Calls; and **(ii)** documents pertaining to Relevant Calls; and,

**(c)** HCR reserves the right to further brief its objections to the referenced requests and interrogatories with Plaintiff.

In light of applicable local rule and the Court's direction regarding this Joint Letter (issued through judicial staff), HCR has refrained from providing extensive citation to authority or briefing of the issues. Counsel for Plaintiff was given notice of these parameters. HCR is fully prepared to brief these issues comprehensively and to respond to Plaintiff's position at any time at the Court's request.

### CONCLUSION & REQUEST FOR RELIEF

Accordingly, the parties jointly request a discovery management conference with the Court to address and resolve these disputes. The parties appreciate the Court's time and attention to this matter and look forward to the Court's direction on how to best proceed.

Respectfully Submitted,

*/s/ Raina C. Borrelli*
Raina C. Borrelli (*pro hac vice*)
**TURKE AND STRAUSS LLP**
613 Williamson Street, Suite 201
Madison, WI 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
raina@turkestrauss.com

John Thomas McGowan, Jr.
**KINNER & MCGOWAN PLLC**
434 1/2 6th Street NE
Washington, DC 20002
Telephone: (901) 351-6776
jtmcgowan@gmail.com

*Attorneys for Plaintiff*

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla
**ADAMS AND REESE LLP**
2301 Blake Street, Suite 101
Denver, CO 80205
Telephone: (813) 227-5516
gpinilla@cotneycl.com

Louis M. Ursini, III
**ADAMS AND REESE LLP**
100 N Tampa Street, Suite 4000
Tampa, FL 33602
Telephone: (813) 227-5536
Facsimile: (813) 402-2887
louis.ursini@arlaw.com

*Attorneys for Defendant*