**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **DOUGLAS DRIBBEN,** ) | |
| **ROBIN ARIEL MIRANDA,** ) | |
| **MARY GONZALEZ, and** ) | |
| **MARY JEANE MAUNEY**, ) | |
| Individually and on behalf of ) | |
| all others similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | **CASE NO.: 1:22-cv-01143-MJM** |
| v. ) | |
| ) | |
| **HOMEFIX CUSTOM REMODELING, CORP.,** ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**HOMEFIX CUSTOM REMODELING CORP.'S
ANSWER AND DEFENSES TO AMENDED COMPLAINT**

Defendant, Homefix Custom Remodeling, Corp. ("**Homefix**") hereby answers the Amended Complaint ("**Complaint**") filed by Douglas Dribben ("**Dribben**"), Robin Ariel Miranda ("**Miranda**"), Mary Gonzalez ("**Gonzales**") and Mary Jeanne Mauney ("**Mauney**") [collectively referred to herein as the "**Plaintiffs**"] as follows:

<u>PRELIMINARY STATEMENT</u>

A. Except as expressly admitted or qualified below, each and every statement, allegation, contention, or insinuation of the Complaint is denied.

B. The headings used in the Complaint are reproduced herein for ease of reference only. Homefix rejects any factual or legal contentions expressed or implied by such headings.

C. The numbered paragraphs of this Answer and Defenses to Amended Complaint correspond to the numbered paragraphs of the Complaint.

D. Capitalized terms not otherwise defined herein shall have the meanings expressly ascribed to them in the Complaint.

E. Homefix has retained the undersigned law firm to represent its interests in this matter and is obligated to pay its counsel a reasonable fee. Homefix is entitled to recover its reasonable attorneys' fees and costs if permitted by law.

## NATURE OF ACTION

1.      The allegations contained in Paragraph 1 the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Homefix denies the allegations and any liability associated therewith.

2.      The allegations contained in Paragraph 2 the Complaint present conclusions of law or other content to which no response is required. To the extent a response is required, Homefix denies the allegations and any liability associated therewith.

3.      The allegations contained in Paragraph 3 the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Homefix denies the allegations and any liability associated therewith.

4.      The allegations of Paragraph 4 of the Complaint do not present any factual content susceptible to an admission or denial, assert legal conclusions to which no response is required, or set forth information as to which Homefix is without knowledge such that no response is required. To the extent a response is required or some factual content is alleged as to which Homefix has knowledge, Homefix denies the allegations as stated in Paragraph 4 of the Complaint, and any liability associated therewith. Homefix specifically denies that it made automated sales calls using spoofed Caller IDs to Miranda.

5.      The allegations of Paragraph 5 of the Complaint merely assert legal conclusions to which no response is required, or set forth information as to which Homefix is without knowledge such that no response is required. To the extent a response is required or some factual content is alleged as to which Homefix has knowledge, Homefix denies the allegations as stated in Paragraph 5 of the Complaint and any liability associated therewith. Homefix specifically denies that it contacted Mauney in violation of the TCPA.

6.      The allegations of Paragraph 6 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Homefix denies the allegations as stated in Paragraph 6 of the Complaint and any liability associated therewith. Homefix specifically denies that it contacted Gonzalez in violation of the VTPPA.

7.      The allegations contained in Paragraph 7 the Complaint present conclusions of law or other content to which no response is required. To the extent a response is required, Homefix denies the allegations and any liability associated therewith. Homefix specifically denies that it contacted Dribben in violation of the TCPA.

8.      Homefix admits that Plaintiffs purport to seek relief on behalf of themselves and other purported class members but denies that Plaintiffs or any alleged class members are entitled to any relief. To the extent any response to the remaining allegations of Paragraph 8 of the Complaint is required, Homefix denies the allegations and any liability associated therewith.

**PARTIES**

9.      Homefix is without knowledge or information sufficient to admit or deny the allegations as stated in Paragraph 9 of the Complaint, and therefore denies the same.

10.     Homefix is without knowledge or information sufficient to admit or deny the allegations as stated in Paragraph 10 of the Complaint, and therefore denies the same.

11.     Homefix is without knowledge or information sufficient to admit or deny the allegations as stated in Paragraph 11 of the Complaint, and therefore denies the same.

12.     Homefix is without knowledge or information sufficient to admit or deny the allegations as stated in Paragraph 12 of the Complaint, and therefore denies the same.

13.     Homefix admits that it is a Maryland corporation headquartered in Laurel, Maryland, and that Homefix conducts business in the District of Maryland. Otherwise denied.

## JURISDICTION AND VENUE

14.     Homefix admits that this Court has federal subject matter jurisdiction over Plaintiff's purported TCPA claim and supplemental jurisdiction over the purported state law claims. Otherwise, denied.

15.     Homefix does not contest jurisdiction or venue, but denies that Plaintiffs are entitled to any form of relief.

## COMMON ALLEGATIONS

16.     Homefix admits that it is in the business of providing home improvement services and that it operates in several states throughout the U.S. Homefix denies any allegations or insinuations arising from or associated with the content contained in Footnote 1.

17.     Homefix denies the allegations as stated in Paragraph 17, except Homefix admits that telephone marketing forms one part of its overall marketing strategy and Homefix occasionally schedules home visits with prospective customers that request information concerning Homefix's products and services.

18.     Homefix admits that it hires employees and some of those employee's job duties include marketing the Homefix's services to customers. Homefix denies the allegations of Paragraph 18 to the extent they misstate, misinterpret, or mischaracterize the terms of the written job description included in Footnote 2.

19.     Homefix denies the allegations as stated in Paragraph 19 of the Complaint.

20.     Homefix admits that it occasionally purchases contact information for persons that have requested information concerning or expressed an interest in products or services that Homefix provides, but denies that Homefix has any control over the means, methods, and manner by which such third parties obtain such contact information and denies that such third parties are agents of Homefix.

21.     Homefix denies the allegations as stated in Paragraph 21 of the Complaint.

22.     Homefix is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations as stated in Paragraph 22 of the Complaint, and therefore denies the same. Homefix further states that Paragraph 22 contains content that is not capable of being authenticated or verified in any way, and which constitutes inadmissible hearsay.

23.     Homefix is without knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations as stated in Paragraph 23 of the Complaint, and therefore denies the same. Homefix further states that Paragraph 23 contains content that is not capable of being authenticated or verified in any way, and which constitutes inadmissible hearsay.

24.     The allegations of paragraph 24 rely upon or restate the content of a press release, which is a document that speaks for itself. To the extent the allegations vary from the press release, said allegations are denied. Homefix further states that Paragraph 24 contains content that is irrelevant and constitutes inadmissible hearsay.

25.     Homefix denies the allegations as stated in Paragraph 25 of the Complaint. Homefix further states that Paragraph 25 contains content that is not capable of being authenticated or verified in any way, and which constitutes inadmissible hearsay.

26.     The allegations of Paragraph 26 appear derived from the same press release referenced in paragraph 24, which is a document that speaks for itself. To the extent the allegations vary from the press release, said allegations are denied. Homefix further states that Paragraph 26 contains content that is irrelevant and constitutes inadmissible hearsay.

## PLAINTIFF MIRANDA'S ALLEGATIONS

27.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 27 of the Complaint, and therefore denies the same.

28.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 28 of the Complaint, and therefore denies the same.

29.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 29 of the Complaint, and therefore denies the same.

30.     Homefix admits that Miranda requested an appointment for a home improvement consultation and that as part thereof, provided Homefix with a telephone number where he could be reached. Homefix is without knowledge as to the truth of the remaining allegations as stated in Paragraph 30 of the Complaint, and therefore denies the same.

31.     Homefix admits that Miranda cancelled the appointment. Homefix denies all remaining allegations as stated in Paragraph 31 of the Complaint.

32.     Homefix denies the allegations as stated in Paragraph 32 of the Complaint.

33.     Homefix admits that it never contracted with or sold any products or services to Miranda. Homefix denies all remaining allegations as stated in Paragraph 33 of the Complaint.

34.     Homefix denies that it contacted Miranda using spoofed telephone numbers. Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 34 of the Complaint, and therefore denies the same.

35.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 35 of the Complaint, and therefore denies the same.

36.     Homefix denies the allegations as stated in Paragraph 36 of the Complaint.

37.     Homefix denies the allegations as stated in Paragraph 37 of the Complaint.

38.     Homefix denies the allegations as stated in Paragraph 38 of the Complaint.

39.     Homefix denies the allegations as stated in Paragraph 39 of the Complaint.

40.     Homefix denies the allegations as stated in Paragraph 40 of the Complaint.

### PLAINTIFF MAUNEY'S ALLEGATIONS

41.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 41 of the Complaint, and therefore denies the same.

42.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 42 of the Complaint, and therefore denies the same.

43.     Homefix denies the allegations as stated in Paragraph 43 of the Complaint.

44.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 44 of the Complaint, and therefore denies the same.

45.     Homefix denies that it has ever used US Home Improvement as an alias business name. Homefix is without knowledge sufficient to admit or deny the remaining allegations as stated in Paragraph 45 of the Complaint, and therefore denies the same.

46.     Homefix denies the allegations as stated in Paragraph 46 of the Complaint.

47.     Homefix denies the allegations as stated in Paragraph 47 of the Complaint.

48.     Homefix denies the allegations as stated in Paragraph 48 of the Complaint.

49.     Homefix denies making any call to Plaintiff Mauney as described in Paragraph 49 of the Complaint. Homefix is without knowledge sufficient to admit or deny the remaining allegations as stated in Paragraph 49 of the Complaint, and therefore denies the same.

50.     Homefix denies making any call to Plaintiff Mauney as described in Paragraph 50 of the Complaint. Homefix is without knowledge sufficient to admit or deny the remaining allegations as stated in Paragraph 50 of the Complaint, and therefore denies the same.

51.     Homefix denies making any call to Plaintiff Mauney as described in Paragraph 51 of the Complaint. Homefix is without knowledge sufficient to admit or deny the remaining allegations as stated in Paragraph 51 of the Complaint, and therefore denies the same.

52.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 52 of the Complaint, and therefore denies the same.

53.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 53 of the Complaint, and therefore denies the same.

54.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 54 of the Complaint, and therefore denies the same.

55.     Homefix denies the allegations as stated in Paragraph 55 of the Complaint.

### PLAINTIFF GONZALEZ'S ALLEGATIONS

56.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 56 of the Complaint, and therefore denies the same.

57.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 57 of the Complaint, and therefore denies the same.

8

58.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 58 of the Complaint, and therefore denies the same.

59.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 59 of the Complaint, and therefore denies the same.

60.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 60 of the Complaint, and therefore denies the same.

61.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 61 of the Complaint, and therefore denies the same.

62.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 62 of the Complaint, and therefore denies the same.

63.     Homefix denies the allegations as stated in Paragraph 63 of the Complaint.

64.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 64 of the Complaint, and therefore denies the same.

65.     Homefix denies the allegations as stated/implied in Paragraph 65 of the Complaint.

66.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 66 of the Complaint, and therefore denies the same.

67.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 67 of the Complaint, and therefore denies the same.

68.     Homefix is without knowledge sufficient to admit or deny the remaining allegations as stated in Paragraph 68 of the Complaint, and therefore denies the same.

69.     Homefix denies the factual statements made in the alleged review presented in Paragraph 69 of the Complaint. Homefix is without knowledge sufficient to admit or deny the remaining allegations as stated in Paragraph 69 of the Complaint, and therefore denies the same.

70.     The allegations of Paragraph 70 are so broad and ambiguous that a response cannot be reasonably tailored to this action. Otherwise, Homefix denies it has violated the TCPA relative to the Plaintiff.

71.     Homefix denies the allegations as stated in Paragraph 71 of the Complaint.

72.     Homefix admits that it received an email on April 18, 2022, but denies the facts stated therein to the extent they contradict Homefix's responses herein, and to the extent they misstate, misinterpret, or mischaracterize the terms of the written communication, which speak for themselves.

73.     Homefix admits the email referenced in Paragraph 73 was sent to the customercare@homefixcr.com email address, but denies the facts stated therein to the extent they contradict Homefix's responses herein, and denies any liability arising therefrom.

74.     The allegations of Paragraph 74 are so broad and ambiguous that a response cannot be reasonably tailored to this action. Homefix denies the allegations of Paragraph 74 to the extent they imply any unlawful conduct by Homefix.

75.     Homefix admits that Gonzalez's counsel contacted Homefix, but denies the facts stated therein to the extent they contradict Homefix's responses herein.

76.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 76 of the Complaint, and therefore denies the same.

77.     Homefix denies that it contacted Plaintiff Gonzalez as suggested in Paragraph 77 of the Complaint. Homefix is without knowledge sufficient to admit or deny the remaining allegations as stated in Paragraph 77 of the Complaint, and therefore denies the same.

78.     Homefix denies the allegations as stated in Paragraph 78 of the Complaint to the extent they contradict Homefix's responses herein.

## PLAINTIFF DRIBBEN ALLEGATIONS

79.    Homefix states that the allegations of Paragraph 79 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Homefix denies any liability associated therewith.

80.    Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 80 of the Complaint, and therefore denies the same.

81.    Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 81 of the Complaint, and therefore denies the same.

82.    Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 82 of the Complaint, and therefore denies the same.

83.    Homefix denies the allegations as stated in Paragraph 83 of the Complaint.

84.    Homefix denies the allegations as stated in Paragraph 84 of the Complaint.

85.    Homefix denies the allegations as stated in Paragraph 85 of the Complaint.

86.    Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 86 of the Complaint, and therefore denies the same.

87.    Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 87 of the Complaint, and therefore denies the same.

88.    Homefix admits that Plaintiff scheduled an appointment with Homefix for November 2, 2020 based on an inquiry for Homefix's products and services.

89.    Homefix admits that on November 2, 2020 one of its representatives visited the address provided by Plaintiff as requested by Plaintiff and based on Plaintiff's inquiry for Homefix's products and services.

90.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 90 of the Complaint, and therefore denies the same.

91.     Homefix admits that Plaintiff did not enter into a contract for goods and services based on the November 2, 2020 meeting scheduled by Plaintiff.

92.     Homefix admits that Plaintiff submitted a complaint to the Maryland Attorney General's Office.  Otherwise, denied.

93.     Homefix denies the allegations as stated in Paragraph 93 of the Complaint.

94.      The allegations of Paragraph 94 are so broad and ambiguous that a response cannot be reasonably tailored to this action. Otherwise, Homefix denies it has violated the TCPA in connection with its communications with Plaintiff.

95.     Homefix denies the allegations as stated in Paragraph 95 of the Complaint.

96.     Homefix admits that the number (410) 832-5559 is associated with Homefix.

97.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 97 of the Complaint, and therefore denies the same.

98.     Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 98 of the Complaint, and therefore denies the same.

99.     Homefix admits that on January 8, 2022, pursuant to Plaintiff's request, a representative of Homefix visited 2836 Broad Wing Drive, Odenton, MD 21113.

100.    Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 100 of the Complaint, and therefore denies the same.

101.    Homefix admits that Plaintiff did not enter into a contract for goods and services based on the January 8, 2022 appointment referenced above.

102.    Homefix denies the allegations as stated in Paragraph 102 of the Complaint.

12

103. Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 103 of the Complaint, and therefore denies the same.

104. Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 104 of the Complaint, and therefore denies the same.

105. Homefix admits that it did not contact Dribben after it was determined that his phone number was listed on Homefix's internal do not call list. Otherwise, denied.

106. Homefix is without knowledge sufficient to admit or deny the allegations as stated in Paragraph 106 of the Complaint, and therefore denies the same.

107. Homefix denies the allegations as stated in Paragraph 107 of the Complaint.

## CLASS ACTION ALLEGATIONS

108. Homefix admits that Plaintiffs purport to seek relief on behalf of themselves and a purported class but denies that Plaintiffs or any alleged class members are entitled to any relief and further objects to and denies the purported class definitions.

109. Homefix objects to and denies the purported class definitions, therefore denied.

110. Homefix denies the allegations as stated in Paragraph 110 of the Complaint.

111. The allegations of Paragraph 111 of the Complaint do not present any factual content susceptible to an admission or denial, assert legal conclusions to which no response is required, or set forth information as to which Homefix is without knowledge such that no response is required. To the extent a response is required, Homefix denies the allegations as stated in Paragraph 111 of the Complaint, including the allegations in subsections (a) through (g).

112. Homefix denies the allegations as stated in Paragraph 112 of the Complaint.

113. Homefix denies the allegations as stated in Paragraph 113 of the Complaint.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiffs and the TCPA Do Not Call Registry Class)**

114.     Homefix restates and incorporates by reference its responses to all previous paragraphs of the Complaint as if fully stated herein.

115.     Homefix states that the allegations of Paragraph 115 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Homefix denies any liability associated therewith.

116.     Homefix states that the allegations of Paragraph 116 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Homefix denies any liability associated therewith.

117.     Homefix denies the allegations as stated in Paragraph 117 of the Complaint.

118.     Homefix denies the allegations as stated in Paragraph 118 of the Complaint.

119.     Homefix denies the allegations as stated in Paragraph 119 of the Complaint.

120.     Homefix states that the allegations of Paragraph 120 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required Homefix denies the allegations and any liability associated therewith.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiffs and the TCPA Internal Do Not Call Class)**

121.     Homefix restates and incorporates by reference its responses to all previous paragraphs of the Complaint as if fully stated herein.[1]

---

[1] Homefix notes that by incorporating all "foregoing paragraphs" into its Second Claim for Relief, Plaintiffs have incorporated all of the general allegations PLUS the entire First Claim for Relief (the TCPA Do-Not-Call Registry violation claim) into their TCPA Internal Do-Not-Call violation claim. This manner of incorporation is repeated with

122.    Homefix admits that Plaintiffs purport to seek relief on behalf of themselves and a purported class but denies that Plaintiffs or any alleged class members are entitled to any relief.

123.    Homefix denies the allegations of Paragraph 123 of the Complaint in that they fail to accurately quote 47 C.F.R. § 64.1200(d).

124.    Homefix denies the allegations as stated in Paragraph 124 of the Complaint.

125.    Homefix states that the allegations of Paragraph 125 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Homefix denies any liability associated with such allegations.

126.    Homefix denies the allegations as stated in Paragraph 126 of the Complaint.

### THIRD CLAIM FOR RELIEF
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Miranda and the TCPA Pre-recorded No Consent Class)**

127.    Homefix restates and incorporates by reference its responses to all previous paragraphs of the Complaint as if fully stated herein.

128.    Homefix admits that Miranda purports to seek relief on behalf of herself and a purported class but denies that Miranda or any alleged class members are entitled to any relief.

---

each successive claim, with the result being that Plaintiffs' Sixth Claim for Relief is actually a combination of the First, Second, Third, Fourth and Fifth claims in a single count.

This form of pleading creates confusion and is widely criticized as improper "shotgun pleading" that renders a pleading subject to dismissal or being stricken. *See, e.g., Howes v. SN Servicing Corp.*, 2021 WL 878354, at *8 (D. Md. Mar. 9, 2021) (citing to *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–22 (11th Cir. 2015) as "categorizing the various types of shotgun pleadings and noting that the most common type is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"); *Shenk v. Humane Soc'y of Carroll Cnty., Inc.*, 2022 WL 252955, at *8 (D. Md. Jan. 27, 2022) ("[A] district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading." citing *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1358 (11th Cir. 2020); *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002).

**In the interest of judicial economy, Homefix will treat the incorporations as if they apply only to the general allegations presented in paragraphs 1-113.**

129.    Homefix denies the allegations as stated in Paragraph 129 of the Complaint.

130.    Homefix denies the allegations as stated in Paragraph 130 of the Complaint.

131.    Homefix denies the allegations as stated in Paragraph 131 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**Florida Telephone Solicitation Act**
**(Violation of Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Miranda and the FTSA Pre-recorded No Consent Class)**

132.    Homefix restates and incorporates by reference its responses to all previous paragraphs of the Complaint as if fully stated herein.

133.    Homefix admits that Miranda purports to seek relief on behalf of herself and a purported class but denies that Miranda or any alleged class members are entitled to any relief.

134.    Homefix denies the allegations of Paragraph 134 of the Complaint in that they fail to accurately quote section 501.059(8)(a), Florida Statutes.

135.    Homefix states that the allegations of Paragraph 135 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Homefix denies any liability associated with such allegations.

136.    Homefix states that the allegations of Paragraph 136 of the Complaint present conclusions of law to which no response is required. To the extent a response is required, Homefix denies the allegations and any liability associated therwith. Further, the allegations of Paragraph 136 of the Complaint are so vague and ambiguous that a response cannot be reasonably tailored to this action. Otherwise, Homefix denies it has violated the TCPA relative to Miranda or the unidentified class members.

137.    Homefix denies the allegations as stated in Paragraph 137 of the Complaint.

138.    Homefix denies the allegations as stated in Paragraph 138 of the Complaint.

139.    Homefix denies the allegations as stated in Paragraph 139 of the Complaint.

### FIFTH CLAIM FOR RELIEF
**Florida Telephone Solicitation Act**
**(Violation of Fla. Stat. § 501.059)**
**(On Behalf of Plaintiff Miranda and the FTSA Spoofed Number Class)**

140.    Homefix restates and incorporates by reference its responses to all previous paragraphs of the Complaint as if fully stated herein.

141.    Homefix admits that Miranda purports to seek relief on behalf of herself and a purported class but denies that Miranda or any alleged class members are entitled to any relief.

142.    Homefix denies the allegations of Paragraph 134 of the Complaint in that they fail to accurately quote section 501.059(8)(b), Florida Statutes.

143.    Homefix denies the allegations of Paragraph 134 of the Complaint in that they fail to accurately quote section 501.059(1)(i), Florida Statutes.

144.    Homefix is without knowledge sufficient to admit or deny the allegations concerning Miranda's efforts to dial a phone number as stated in Paragraph 144 of the Complaint, and therefore denies the allegations and any liability associated therewith. Homefix denies all remaining allegations as stated in Paragraph 144 of the Complaint.

145.    Homefix denies the allegations as stated in Paragraph 145 of the Complaint.

146.    Homefix denies the allegations as stated in Paragraph 146 of the Complaint.

### SIXTH CLAIM FOR RELIEF
**Violation of the Virginia Telephone Privacy Protection Act**
**Va. Stat. § 59.1-514**
**(On Behalf of Plaintiff Gonzalez and the Virginia Telephone Privacy Protection Act**
**National Do Not Registry Call Class)**

147.    Homefix restates and incorporates by reference its responses to all previous paragraphs of the Complaint as if fully stated herein.

148.    Homefix admits that Gonzalez purports to seek relief on behalf of herself and a purported class but denies that Gonzalez or any alleged class members are entitled to any relief.

149.    Homefix states that the allegations of Paragraph 149 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Homefix denies any liability associated with such allegations.

150.    Homefix states that the allegations of Paragraph 150 of the Complaint present conclusions of law, citations, or other content to which no response is required. To the extent a response is required, Homefix denies any liability associated with such allegations.

151.    Homefix states that the allegations of Paragraph 151 of the Complaint merely present conclusions of law or other content to which no response is required. To the extent a response is required, Homefix denies the allegations and any liability associated therewith.

152.    Homefix denies the allegations as stated in Paragraph 152 of the Complaint.

153.    Homefix denies the allegations as stated in Paragraph 153 of the Complaint.

## PRAYER FOR RELIEF

Homefix denies Plaintiff's prayer for relief including all subparts. Homefix requests judgment in its favor and against Plaintiffs and all parties acting through Plaintiffs in this action.

## DEMAND FOR JURY TRIAL

Homefix denies Plaintiffs' request for trial by jury.

*       *       *

## HOMEFIX'S AFFIRMATIVE & OTHER DEFENSES

Homefix asserts the following affirmative and other defenses to Plaintiffs' Complaint.

### First Defense

Plaintiff Dribben's claims fail as a matter of law as Plaintiff has not and cannot allege or prove that Homefix (or any agent, affiliate or third party on its behalf) initiated and that Plaintiff received more than one telephone call within any 12-month period to the same telephone number registered on the national do-not-call registry.  The alleged calls in January 2022 were placed to a number that was neither known to be assigned to Plaintiff nor the number being the subject of this action, and that was not registered on the do-not-call registry at the time it was made.

### Second Defense

The claims of Plaintiffs' and members of any putative class are barred to the extent Plaintiffs and members of any putative class gave prior express consent, calls were made in response to an express request of the person called, calls were made in connection with an existing contract, and/or calls were made to a person with a prior or existing business relationship or an inquiry as to Homefix's products or services.

### Third Defense

Plaintiffs' claims fail as a matter of law as the communications at issue do not qualify as a "telephone solicitation" as defined by 45 C.F.R. § 64.1200(f)(15) or other applicable law in so far as Plaintiffs' expressly permitted or invited said communications and/or had an established business relationship with Homefix based on Plaintiffs' inquiries, confirmed appointments and/or applications regarding Homefix's products or services as defined by 45 C.F.R. § 64.1200(f)(5) and other applicable law.

**Fourth Defense**

Plaintiffs' claims and those of any members of a putative class are barred, in whole or in part, because any alleged damages were caused by intervening and superseding causes or circumstances, or by the acts or omissions of third parties for which Homefix is not responsible. As to any conduct alleged to form the basis of Plaintiffs' claims committed by a third party, and not by Homefix, such acts cannot be attributed to Homefix via any vicarious liability or other legal theory to the extent such third party is not an agent of Homefix, the conduct at issue contradicts Homefix's express directives, or the conduct falls outside the scope of any agency determined to exist between Homefix and such third party.

**Fifth Defense**

Plaintiffs' claims are barred or limited to the extent such claims are premised on conduct that resulted from the intentional misconduct, tortious, or illegal acts of third parties acting against Homefix's interests. Specifically, Homefix recently discovered that it was the victim of repeated data theft by one or more former employees of Homefix working in concert with a third party vendor involved in the sale of contact information for persons interested in various products or services, including home improvement services. Homefix's former employee had access to Homefix's potential customer contact lists based on their senior positon within Homefix's marketing analytics department.

In violation of their legal duties and several Homefix company policies, including policies concerning employee conduct and the handling of confidential information, said former employee copied Homefix's existing and potential customer contact information (derived from many sources, including Homefix's website traffic, canvassing and other in-person sales development efforts, and contact information acquired from third party vendors) without authorization. The

former employee then unlawfully transferred Homefix's data to the third party vendor, which then sold the data to a variety of other businesses, including Homefix's direct competitors. This conduct, which has caused Homefix substantial financial injury and other harm, is believed to have occurred repeatedly over the course of more than a year leading up to the Fall of 2023.

### Sixth Defense

Plaintiffs' claims are barred or limited to the extent they rely on incorrect statements of law or the definitions set forth therein. Specifically, and without limitation, Homefix notes that Plaintiffs' definition of an automated telephone dialing system inaccurately references an outdated version of Fla. Stat. § 501.059(8)(a), which has been modified by amendment. Section 501.059(8)(a), Florida Statutes, now presents a narrower criteria to define an automated telephone dialing system.

**Homefix hereby moves to strike all references to the incorrect/outdated legal standard referenced above, and all other inaccurate/misquoted statutory references, together with any factual or other allegations relating to or associated therewith.**

### Seventh Defense

Any damages sustained by Plaintiffs' or members of any putative class must be reduced in proportion to the wrongful or negligent conduct of persons or entities other than Homefix, including Plaintiffs or members of any putative class or non-parties, under the principles of equitable allocation, recoupment, set-off, proportionate responsibility and/or comparative fault.

### Eighth Defense

The alleged claims of Plaintiffs' and members of any putative class are barred, in whole or in part, to the extent they are asserting damages for calls made to cellular telephone numbers to which they were not subscribers at the time of the call.

### Ninth Defense

To the extent that any relief sought by Plaintiffs' and/or any members of the putative class would be duplicative of relief sought against Homefix in other lawsuits subjecting Homefix to the possibility of multiple recovery, such recovery is barred by the Fifth and Eighth Amendments to the United States Constitution, *res judicata*, and/or claim preclusion.

### Tenth Defense

Plaintiffs' claims fail as a matter of law as any alleged violation is the result of bona fide error and Homefix (and any agent, affiliate or third party on its behalf) maintains qualified routine business practices pursuant to 45 C.F.R. § 64.1200(c)(2)(i).

### Eleventh Defense

Plaintiffs' claims fails to state a claim upon which relief may be granted to the extent Plaintiffs seek relief against the wrong party.

### Twelfth Defense

Plaintiffs' claims are barred or reduced because their alleged damages, if any, were caused by Plaintiffs' own conduct/negligence/fault or that of third parties other than Homefix.

### Thirteenth Defense

Plaintiff's claims are barred or limited by equitable estoppel or due to inequitable conduct to the extent Plaintiffs or someone acting on their behalf intentionally induced the conduct complained of by providing contact information to Homefix and leading Homefix to believe Plaintiffs consented to being contacted, and that such conduct was solely or primarily for the purpose of manufacturing a legal claim against Homefix or to generate revenue from the sale to Homefix of contact information for a person purportedly interested in Homefix's services.

**Fourteenth Defense**

Plaintiffs' claims are barred or limited to the extent any violation established by Plaintiffs resulted from Homefix's reasonable reliance on the assurances, representations, actions, or systems of third parties.

**Fifteenth Defense**

Plaintiffs lack standing under the TCPA because they suffered no concrete or other legally cognizable injury within the meaning of the TCPA.

**Sixteenth Defense**

Class certification of this action should be denied for one or more of the following reasons:

a.      Joinder of all members of the putative classes is not impracticable;

b.      There are insufficient questions of law and fact pertaining to the whole of the putative class.

c.      The claims of the named Plaintiffs, if meritorious, are not typical of the putative classes for the reasons alleged herein including Plaintiffs' feigned interest and attempts to manufacture the subject claims;

d.      The claims of the named Plaintiffs will not adequately protect the interests of the putative classes;

e.      It is not impractical for individual plaintiffs to obtain redress;

f.      The proposed classes create a legally impermissible fail-safe class;

g.      The proposed classes lack typicality; and

h.      Individual issues will predominate over class issues, including but not limited to, who made the contact, whether or not the call recipient gave prior express consent based on individual interaction or multiple sources, whether the subscriber or recipient's alleged claims are based on multiple telephone numbers assigned to the same device, whether the subscriber or recipient's relationship with Homefix qualifies as an established business relationship, whether any particular call recipient is a residential telephone subscriber, and whether or not any particular call recipient was "aggrieved."

## **HOMEFIX'S RESERVATION OF RIGHT TO AMEND OR MODIFY DEFENSES**

Homefix hereby reserves the right to assert any additional defenses or matters in avoidance that may be disclosed during the course of additional investigation or discovery.

## **HOMEFIX'S DEMAND FOR JUDGMENT**

WHEREFORE, having answered the Complaint, Defendant, Homefix Custom Remodeling, Corp., hereby demands hereby demands final judgment in its favor:

**(a)**	dismissing the Complaint *with prejudice*;

**(b)**	holding that the Plaintiffs, Douglas Dribben, Robin Ariel Miranda, Mary Gonzalez, and Mary Jeanne Mauney, and any and all others acting by or through Plaintiffs, take nothing from this action;

**(c)**	holding that Homefix shall recover from the Plaintiffs the costs and attorneys' fees incurred in defending this action pursuant to section 501.059(11)(a), Florida Statutes; and

**(d)**	awarding Homefix any other relief the Court deems just and proper.

Dated: February 16, 2024

Respectfully submitted,

**ADAMS AND REESE, LLP**

*/s/Gabriel D. Pinilla*
Gabriel D. Pinilla, Bar No. 22373
2301 Blake Street, Suite 100
Denver, Colorado 80205
Telephone: (813) 227-5516
Facsimile: (813) 402-2887
Gabriel.Pinilla@arlaw.com
Alisyn.Burkowski@arlaw.com

Louis M. Ursini, III, *Admitted Pro Hac Vice*
100 N. Tampa St., Suite 4000
Tampa, Florida 33602
Telephone: (813) 402-2880
Facsimile: (813) 402-2887
Louis.Ursini@arlaw.com
Lisa.Stallard@arlaw.com
*Counsel for Homefix Custom Remodeling Corp.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 16, 2024 I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will automatically serve a copy via electronic mail to all counsel of record.

*/s/ Gabriel D. Pinilla*
Gabriel D. Pinilla
Bar No. 22373

## SERVICE LIST

Attorneys for Plaintiffs:

John McGowan
KINNER & McGOWAN, PLLC
413 East Capitol Street SE
First Floor
Washington, D.C. 20003
jmcgowan@kinnermcgowan.com
Telephone: (202) 846-7148

Raina C. Borrelli
*Admitted Pro Hac Vice*
TURKE & STRAUSS LLP
613 Williamson St., Suite 201
Madison, Wisconsin 53703
raina@turkestrauss.com
Telephone: (608) 237-1775
Facsimile: (608) 509-4423

Anthony Paronich,
*Admitted Pro Hac Vice*
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
anthony@paronichlaw.com